IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEUNTAE THOMAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No**. 3:21-CV-2749-L-BT** |
| | § | |
| **JOHN COLEMAN CREUZOT,** *et al*.**,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

On December 29, 2022, the United States Magistrate Judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 32) ("Report") in which she recommends that: (1) Plaintiff's claims for mandamus and *quo warranto* relief be dismissed without prejudice for lack of subject matter jurisdiction; (2) his claims for monetary damages against the State of Texas be dismissed without prejudice for lack of subject matter jurisdiction; and (3) his remaining claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Plaintiff did not file any objections to the Report, and his deadline for doing so has expired. The court, nevertheless, addresses Plaintiff's false arrest claim, which is brought pursuant to 42 U.S.C. § 1983. The magistrate judge construed this claim as one by Plaintiff that "DART officers Villafuerte, Grimes, and Neal arrested him without probable cause in violation of the Fourth Amendment." Report 10 (citing ECF No. 3 at 5-8) (footnote omitted). The Fourth Amendment is concerned with ensuring that the scope of a given detention "is reasonable under the totality of the circumstances." *United States v. Brigham*, 382 F.3d 500, 508 (5th Cir. 2004) (en banc). To be reasonable, a warrantless arrest must ordinarily be supported by probable cause. *Kaupp v. Texas*, 538 U.S. 626, 630 (2003) (per curiam). The standard for probable cause is well-established:

**Order – Page  1**

> "Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" The standard for analyzing probable cause is whether, under the totality of the circumstances, there is a "fair probability" that a crime occurred. "The requisite 'fair probability' is something more than a bare suspicion, but need not reach the fifty percent mark." "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity."

*Thompson v. Hammond City*, No. 20-30056, 2023 WL 155412, at *2 (5th Cir. Jan. 11, 2023) (footnotes and citations omitted).

The magistrate judge determined that the arresting DART officers had probable cause to arrest Plaintiff because he resisted arrest after he refused to exit the DART bus. The undersigned also notes that probable cause existed to arrest Plaintiff for criminal trespass. According to Plaintiff's pleadings, it was only after Plaintiff refused to wear a face mask or put his face mask back on that the DART officers asked him to exit the bus, and, when he declined to do so, the DART officers arrested him. At the time of Plaintiff's encounter with and arrest by the DART officers, DART had in place a face mask requirement for all passengers. This face mask requirement followed TSA protocol for public transportation and CDC guidelines for COVID safety. DART posted this requirement on its website and warned that a passenger who refused to wear a mask, unless exempted or excluded under the CDC guidelines, was a violation of federal law (at that time), and failure to comply would result in denial of boarding or removal, and could subject passengers to federal penalties, including fines.

Pursuant to Federal Rule of Evidence 201, the court takes judicial notice that, in July 2021, DART had in place and followed this safety protocol that gave its officers the authority to remove Plaintiff from the DART bus after he refused to wear a face mask. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (explaining that a court may take judicial notice of matters of public record in deciding whether, under Rule 12(b)(6), a plaintiff has pleaded a claim upon which relief

can be granted) (citations omitted).   Then, when Plaintiff subsequently failed and refused to exit the bus, a reasonable person in the DART officers' position would have reasonably believed under the circumstances that he had committed or was committing the criminal offense of trespass. *But cf., Adelman v. Branch*, 784 F. App'x 261, 267 (5th Cir. 2019) (concluding that "no reasonable officer under the[] circumstances would conclude that she had authority to eject a person complying with DART policies from public property—and then arrest that person for criminal trespass when he failed to depart."). Because Plaintiff's arrest was supported by probable cause, the magistrate judge correctly determined that his claim that he was falsely arrested fails as a matter of law.   *See Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

Accordingly, having considered the pleadings, Report, file, and record in this case, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts them as supplemented by this order** as those of the court. Plaintiff's claims for mandamus and *quo warranto* relief are, therefore, **dismissed without prejudice** for lack of subject matter jurisdiction; his claims for monetary damages against the State of Texas are **dismissed without prejudice** for lack of subject matter jurisdiction; and his remaining claims are **dismissed with prejudice** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith.   *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).   In support of this certification, the court **accepts and incorporates** by reference the Report.   *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).   Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.   *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).   Plaintiff, however, may challenge this finding pursuant to

*Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order.

**It is so ordered** this 31st day of January, 2023.

_____
Sam A. Lindsay
United States District Judge

Order – Page 4